

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00042-CR

LEE COTIRELL ROY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 49451-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

On April 7, 2003, Lee Cotirell Roy was convicted of aggravated sexual assault and was sentenced to confinement in prison. Upon his release, Roy was required to comply with a myriad of sex-offender registration requirements. *See Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012) (citing TEX. CODE CRIM. PROC. ANN. art. 62.051(a)). Believing that Roy failed to comply with one of those requirements, the State charged Roy with the offense of failure to comply with sex-offender registration requirements, which is a third-degree felony.[1] Following a bench trial, Roy was found guilty of the charged offense. He pled not true to the State's two enhancement paragraphs,[2] but the trial court found them to be true and sentenced Roy to thirty-two years' confinement in prison. Roy filed a timely notice of appeal, arguing that the evidence was legally insufficient to support his conviction.

I. **Discussion**

On October 29, 2025, both parties appeared for oral argument. After Roy argued that the evidence was insufficient to support the guilty verdict, the State conceded the appellant's issue. Furthermore, the State informed the Court that it had no argument against the reversal of Roy's conviction or with this Court entering a judgment of acquittal. Our independent review of the record supports the State's concessions in this case.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (Supp.).

[2] The State alleged that Roy had been convicted of two prior felonies, burglary of a habitation in February 1987 and robbery with bodily injury in July 1990, thereby enhancing the potential sentencing range.

## II.    Conclusion

Accordingly, we reverse the judgment of conviction and render a judgment of acquittal.

Charles van Cleef
Justice

Date Submitted:     October 29, 2025
Date Decided:     December 31, 2025

Do Not Publish